IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeroid J. Price, #298791, | ) | C/A No. 1:11-1172-JMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Wayne C. McCabe, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jeroid J. Price is an inmate at the South Carolina Department of
Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local
Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on Respondent's
motion for summary judgment and return. [Entry #21, #22].  Pursuant to *Roseboro v.
Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary
judgment and dismissal procedures and the possible consequences if he failed to respond
adequately to Respondent's motion. [Entry #23].  After Petitioner filed two motions for
extensions of time [Entry #26, #29], he filed a response[1] in opposition to Respondent's
motion on December 5, 2011. [Entry #32].  This matter is now ripe for review.  Having
carefully considered the parties' submissions and the record in this case, the undersigned
recommends that Respondent's motion for summary judgment [Entry #21] be granted.

---

[1]    Petitioner titled his response a "Traverse to the Return and Opposition to
Respondent's Motion for Summary Judgment," and in the "traverse" section made
arguments for an evidentiary hearing to "develop the record correctly and thereupon make
a recommendation towards granting the writ." [Entry #32 at 10].

The day he filed his habeas petition, May 18, 2011, Petitioner also filed a motion [Entry #2] to hold these proceedings in abeyance until the resolution of his then-pending petition for writ of certiorari in the United States Supreme Court.  The Supreme Court subsequently denied Petitioner's certiorari petition, therefore, the motion to stay is denied as moot.  Petitioner also filed two motions for evidentiary hearings [Entry #3, #33], which the undersigned recommends be denied, as an evidentiary hearing is not warranted in this case.

I.     Factual and Procedural Background

In May 2003, Petitioner was indicted in Richland County for murder (2003-GS-40-2295) [Entry #22-15 at 91] and was represented at trial by Cameron B. Littlejohn, Jr., Esq., and Amye Rushing, Esq.  After a jury trial on December 15–19, 2003 before the Honorable Reginald L. Lloyd, the jury convicted Petitioner of murder and Judge Lloyd sentenced him to 35 years in prison. [Entry #22-14 at 69].

The facts giving rise to the murder charge were summarized by the South Carolina Supreme Court as follows:

> On December 6, 2002, Alpha Phi Alpha fraternity hosted a party at Club Voodoo in Columbia, South Carolina. During the party, a confrontation between rival gangs, the Bloods and the Crips, occurred. Appellant, who conceded he was affiliated with the Bloods, and Smalls, a member of the Crips, confronted each other.
>
> Around 2:00 a.m. on December 7, the party ended. Ryan Brooks retrieved a semi-automatic pistol from his car to protect himself and Appellant retrieved a pistol from his car for protection while his friends counted the money collected at the door that night. Derrick Watson testified around 2:00 a.m. Smalls asked him for a gun, but Watson did not have one.

2

Brooks saw Appellant and Smalls talking in the club. He testified Appellant reached towards his own waist and Smalls rushed Appellant; the two men struggled over Appellant's pistol. During the struggle, the pistol was pointed towards Brooks, who fired his own gun and shot Smalls. After firing his weapon, Brooks ran out of the club and heard more gunshots.

Marcus Jones heard the first gunshot and saw the victim on the ground. He then saw two more shots and described the gunfire as "coming straight down." Jones testified the victim did not appear to have a gun and the gunman did not appear to be in danger. He later identified Appellant as the gunman.

Investigator James Richardson was qualified as an expert in gangs and gang activity. Richardson testified about the history of the Bloods and the Crips, gang activities in Columbia, gang clothing, and gang hand signals. During direct examination, Richardson testified Appellant was a member of the Bloods and was a supreme or officer within the gang.

The trial judge overruled defense counsel's objection to the hearsay testimony that Appellant was an officer in the Bloods. On cross-examination, Richardson conceded he did not know Appellant and that his testimony regarding Appellant was based on information from informants and not on his own personal knowledge.

The State presented the following evidence seized from Appellant's apartment as part of its theory that Appellant was a member of the Bloods: photographs of men, including Appellant, making Blood hand signals and wearing Blood colors; a gang code book; red clothing and hats; bullet-proof vests; and a document containing a pledge of allegiance to the United Blood Nation.

Appellant admitted shooting Smalls but asserted he acted in self-defense. Appellant testified he was not a Blood, but he was affiliated with that gang. He further testified Smalls was physically larger than him and, on the night of the shooting, Smalls attacked him without provocation. He testified they struggled over his gun and during this struggle the gun discharged, wounding Smalls.

[Entry #22-1 at 2–3].

Petitioner filed a direct appeal in which he was represented by trial counsel Rushing and Appellate Defender Joseph L. Savitz of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's final brief was filed on October 4, 2005, and raised the following issue:

> The trial judge erred by allowing a State's witness, a gang investigator with the Sheriff's Department who purported to be an expert in gang activity, to testify that informants had told him "several times during interviews" that Price was "known as a Supreme, which is a higher elevation . . . like an officer within the [Bloods]." This "evidence" was inadmissible according to the rule against hearsay (Evidence Rule 802), and its introduction violated Price's right to confront the witnesses against him provided by the Sixth Amendment to the United States Constitution and Article I, Section 14, of the South Carolina Constitution.

[Entry #22-14 at 74].

On April 17, 2006, the Supreme Court of South Carolina issued its opinion affirming the conviction. *State v. Price*, 629 S.E.2d 363 (S.C. 2006) [Entry #22-1].  The remittitur issued on May 5, 2006. [Entry #22-2].

On December 4, 2006, Petitioner filed an application for post-conviction relief ("PCR"), raising the following claims:

1.      Violation of 4th Amendment protection against illegal search and seizure.
2.      Violation of 6th Amendment right to confront adverse witnesses.
3.      Violation of 6th Amendment right to effective assistance of counsel.

[Entry #22-15 at 7–29].  He filed an amended petition on April 30, 2008, in which he raised the following claims:

1.      Trial counsel rendered ineffective assistance by failing to investigate the crime scene.

4

2.    Trial counsel was ineffective by failing to object to violation of confrontation clause where Richland County Officer's testimony was used solely to prejudice the jury.

3.    Trial counsel rendered ineffective assistance by failing to object or move for mistrial where Solicitor's opening and closing remarks were tantamount to prosecutorial misconduct.

4.    Appellate counsel rendered ineffective assistance of counsel when he failed to argue prejudice value of hearsay testimony.

5.    Violation of Fourth Amendment protection against illegal search and seizure.

6.    Violation of Sixth Amendment right to confront adverse witnesses.

7.    Violation of Sixth Amendment right to the effective assistance of counsel.

8.    Violation of Fifth and Fourteenth Amendment Due Process Clause.

[Entry #22-15 at 30–44]. At PCR, Petitioner was represented by Charles T. Brooks, III, Esq., and an evidentiary hearing was held June 25, 2008, before the Honorable William P. Keesley. [Entry #22-15 at 51–76 (PCR hearing transcript)]. Judge Keesley filed a formal written order of dismissal on September 22, 2008. [Entry #22-15 at 77–90].

Petitioner appealed the denial of his PCR and was represented by Elizabeth Franklin-Best, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner filed a petition for writ of certiorari in the Supreme Court of South Carolina on June 15, 2009, raising the following issue:

The Sixth Amendment of the Constitution gives a defendant the right to confront the witnesses against him. Did the PCR judge err when he found that trial counsel rendered effective assistance of counsel when trial counsel failed to object, on this basis, to a "gang expert's" testimony that he heard "on the street" that Price was a gang leader?

[Entry #22-3].

The court denied the petition on January 12, 2011, and the remittitur issued on January 28, 2011. [Entry #22-5, #22-6]. Petitioner filed a petition for writ of certiorari in

the United States Supreme Court on April 12, 2011, which was denied on June 13, 2011.

*Jeroid J. Price v. State of South Carolina*, No. 10-9966, ___ U.S. ___ (U.S. June 13, 2011) (available at http://www.supremecourt.gov).  This federal habeas petition followed.

II.    Discussion

    A.    Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

Ground One:  <u>Violation of (a) Due Process and (b) Confrontation Clause</u>: Petitioner's Due Process Right to a fair trial and the Right to Confrontation was violated when the trial court allowed a State's witness, a gang investigator with the Sheriff's Department who purported to be an "expert in gang activity," to testify that informants had told him several times that Petitioner was "known as a Supreme, which is a higher elevation, like an officer with the [Bloods]." This evidence was clearly inadmissible according to the rule against hearsay since the introduction of this testimony violated Petitioner's right to confront the witnesses against him, provided by the Sixth Amendment of the United States Constitution.

Ground Two:  <u>Ineffective Assistance of Counsel for Failing to Object to Gang Testimony</u>:  The State Court(s) erred in failing to find Petitioner was denied his Sixth Amendment guaranteed right to the effective assistance of counsel when counsel failed to object on the basis of a "gang expert's" testimony about what he heard on the streets from non-testifying informants, on the grounds of Petitioner being denied his right to confront witnesses against him.

Ground Three:  <u>Ineffective Assistance of Counsel for Failing to Object to Prosecution's Opening Statement and Closing Argument</u>:  The State Court erred in failing to find Petitioner was denied the effective assistance of counsel when counsel failed to object and/or move for a mistrial when the Prosecution's opening and closing arguments resulted in prosecutorial misconduct.

6

Ground Four: <u>Ineffective Assistance of Counsel for Failing to Adequately Investigate Crime Scene</u>:  The State Court(s) erred in failing to find Petitioner was denied the effective assistance of counsel when counsel failed to "properly investigate" the crime scene in order to develop a sound trial strategy and the failure to do so obscured counsel's performance in rebutting the State's theory of the case.

[Entry #1-1 at 8–19].

  B. Standard for Summary Judgment

  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

  In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

  The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party

may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

> 2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254 ("Section 2254").  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id*.  The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

> a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

9

> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)  (i) there is an absence of available State corrective process; or
>
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court. Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90;

10

*Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2]  Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

       b.       Procedural Bypass

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

      3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

 D. Analysis

  1. Procedurally-Barred Grounds

As an initial matter, Respondent contends that some of Petitioner's claims are procedurally-barred to the extent that they were not properly raised in the state courts. The undersigned agrees as to Grounds One(b)(Confrontation Clause Claim), Three, and Four.

  a. Ground One(b): Confrontation Clause Claim

13

In Ground One, Petitioner asserts, inter alia, that his Sixth Amendment right to confrontation was violated by the use of Investigator Richardson's testimony that "[t]he word that we received is that he is known as a supreme, which is a higher elevation. He's like an officer within the gang." [Entry #22-9 at 55, ll.11–13]. While Petitioner's counsel objected to the admission of this testimony on hearsay grounds, he did not object on Confrontation Clause grounds. [Entry #22-9 at 54, 72–73]. Petitioner raised this issue for the first time in the direct appeal, and the Supreme Court found the federal constitutional claim was not preserved because it was not raised at the trial court:

> B. Confrontation Clause
> Appellant also argues Richardson's testimony violated his right to confront witnesses under the Sixth Amendment to the United States Constitution and Article 1, § 14, of the South Carolina Constitution. This issue is not preserved for appellate review because Appellant did not properly raise the issue in the trial court. See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[Entry #22-1 at 6].

Petitioner argues that he presented Ground One(b) in his direct appeal, PCR and PCR appeal and that Respondent is engaging in "hyper-technical hair-splitting between hearsay witnesses testimony and the right of confrontation." [Entry #32 at 17]. Petitioner claims that he "set forth explicit arguments why his conviction violates the federal constitution[], citing relevant case law and the operative facts framing the basis for the violations." *Id.* While his direct appeal did raise the Confrontation Clause claim, because

14

he failed to raise the issue to the trial court, the South Carolina Supreme Court found the issue was not preserved for appellate review.

Under the doctrine of procedural default, "absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." *See Harris v. Reed*, 489 U.S. 255, 262 (1989). Such a state procedural rule is "adequate if it is regularly or consistently applied by the state court," *see Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is "independent if it does not 'depend[ ] on a federal constitutional ruling,'" *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The South Carolina Supreme Court held that Petitioner procedurally defaulted the Confrontation Clause claim by not asserting the issue in the trial. "Under federal habeas law, we are not at liberty to question a state court's application of a state procedural rule because a state court's finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground." *See Harris*, 489 U.S. at 262; *Barnes v. Thompson*, 58 F.3d 971, 974 n. 2 (4th Cir.1995). Therefore, the Confrontation Clause claim is barred from habeas review.

          b.     Ground Three: Ineffective Assistance of Counsel for Failing to Object to Gang Testimony

In Ground Three, Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to object to the prosecutor's (a) opening statement comment: "And even when the police went out and

15

found relevant witnesses, friends of the defendant, you'll hear how they lied repeatedly. And what's even more amazing, something I've never had to tell a jury in my 11 years as a prosecutor, some of the State's witnesses that we may call may still not tell the truth, whether it's because they're afraid, whether they're protecting their friend or themselves." [Entry #22-7 at 74 (trial transcript), #1-1 at 15 (habeas petition), #32 at 30 (Petitioner's response)], and (b) closing statement that "On December the 7th of last year that man right there thought he got away with murder. You prove him wrong. You let him know that life is worth a whole lot more than a color and a gang sign. You let him know that his days of gang banging on the streets of Richland County are over." [Entry #22-14 at 19 (trial transcript) Entry #1-1 at 15–16 (habeas petition), #32 at 29 (Petitioner's response)].

This issue was raised at the PCR hearing and addressed in the PCR order. [Entry #22-15 at 85–86 (PCR order)]. Respondent argues that because this claim was not raised in the PCR appeal, it was not fairly presented to the South Carolina appellate courts and is procedurally-barred from federal habeas review. The undersigned agrees. Petitioner's Ground Three was not raised in his direct or PCR appeal, so it was not fairly presented to the South Carolina appellate courts and is procedurally-barred from federal habeas review. *See Coleman*, *supra*.

        c.      Ground Four:[3] Ineffective Assistance of Counsel for Failing to Adequately Investigate Crime Scene

In Ground Four, Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's failure to adequately investigate the crime scene and determine that it was not the first time a similar-caliber firearm had been fired. Petitioner raised this issue in the amended PCR application and the PCR court rejected the allegation. [Entry #22-15 at 83–84]. Respondent argues that because the issue was not raised in the PCR appeal, it is procedurally barred from federal habeas review. The undersigned agrees. Petitioner's Ground Four was not raised in his direct or PCR appeal, so it was not fairly presented to the South Carolina appellate courts and is procedurally-barred from federal habeas review. *See Coleman, supra.*

        2.      Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these grounds. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner

---

   [3] Petitioner appears to abandon Ground Four in his response: "Respondents allege that Claims III and IV are procedurally defaulted. For the sake of brevity and the fact Claim IV is defeated by the testimony in the record Petitioner will only address Claim III." [Entry #32 at 17]. To the extent that Petitioner is pursuing Ground Four, the court finds it is procedurally defaulted.

17

has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright v. Sykes,* 433 U.S. at 88–91; *Murray, supra*; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray v. Carrier*, 477 U.S. at 496); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner was advised of his right to file a direct appeal, filed an appeal, had a PCR hearing, and an appeal from the PCR in which to raise these claims. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual

18

innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.*  The court's review of the record does not support a showing of actual innocence.

Petitioner conceded he was affiliated with the Bloods, that he did not know the victim prior to the party at the club, and that he had a confrontation with the victim. Witnesses testified that Petitioner had threatened the victim verbally and by making shooting motions.  Petitioner admitted that subsequent to his confrontation with the victim, he retrieved a pistol from his car for protection, and that after returning to the club with the gun, he and the victim had a struggle and he shot the victim, who did not have his own gun.  One witness testified that Petitioner did not appear to be in danger.

In light of the foregoing, Petitioner cannot show actual innocence.  Because Petitioner cannot establish actual innocence, the procedural bars apply as to Grounds One(b) (Confrontation Clause Claim), Three and Four.

       3.    Merits Review

          a.    Ground One(a):  Due Process Claim

In Ground One(a), Petitioner claims that his rights to due process were violated when the court allowed hearsay testimony through Investigator Richardson who testified as an expert in gang activity that Petitioner was known as a gang leader. This issue was

raised in the direct appeal. The South Carolina Supreme Court agreed that the testimony

was hearsay, but concluded the error was harmless:

A. Hearsay

Appellant argues the trial court erred in admitting testimony from
Investigator Richardson that Appellant was a supreme or an officer within
the Bloods because the testimony was improper hearsay. We agree.

The State contends the testimony was admissible under Rules 702 and 703,
SCRE,[4] because, when the testimony is viewed in context, Richardson did
not solely base his opinion on hearsay information. This argument is
without merit. Richardson did not testify to his expert opinion, but rather
relayed information from informants.

Hearsay is an out of court statement offered to prove the truth of the matter
asserted therein. Rule 801(c), SCRE; State v. Brown, 317 S.C. 55, 451
S.E.2d 888 (1994). The rule against hearsay prohibits the admission of
evidence of an out of court statement to prove the truth of the matter
asserted unless an exception to the rule applies. Rule 802, SCRE; Simpkins
v. State, 303 S.C. 364, 401 S.E.2d 142 (1991).

Although Richardson identified items seized from Appellant's apartment as
related to the Bloods (e.g., photograph with Appellant throwing a gang sign,
notebook with a reference to Bloods, code book referring to the Bloods, and
red clothing which is significant to the Bloods), Richardson did not testify
he relied on these items in forming an opinion that Appellant was a supreme
or officer in the Bloods. Furthermore, Richardson testified he solely based
his testimony that Appellant was a supreme on statements from informants.

---

[4] Rule 702, SCRE, states: If scientific, technical, or other specialized knowledge
will assist the trier of fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training, or education, may
testify thereto in the form of an opinion or otherwise. Rule 703, SCRE, provides: The
facts or data in the particular case upon which an expert bases an opinion or inference
may be those perceived by or made known to the expert at or before the hearing. If of a
type reasonably relied upon by experts in the particular field in forming opinions or
inferences upon the subject, the facts or data need not be admissible in evidence.

20

This testimony was hearsay and was not admissible under any exception to the hearsay rule. Although the testimony was improperly admitted, Appellant has not demonstrated reversible error. See State v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (improper admission of hearsay evidence is reversible error only when the admission causes prejudice). Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result. State v. Sherard, 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991). Thus, an insubstantial error not affecting the result of the trial is harmless where guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached. State v. Bailey, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989); Arnold v. State, 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992). Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed. State v. Pickens, 320 S.C. 528, 531, 466 S.E.2d 364, 366 (1996).

> Defense counsel impeached Richardson's improper testimony by eliciting that his testimony was solely based on information from informants. Also, the inadmissible hearsay testimony was merely cumulative. See State v. Haselden, 353 S.C. 190, 577 S.E.2d 445 (2003) (admission of improper evidence is harmless where the evidence is merely cumulative to other evidence.); State v. Schumpert, 312 S.C. 502, 435 S.E.2d 859 (1993) (any error in admission of evidence cumulative to other unobjected-to evidence is harmless). Brooks testified Appellant was a Blood. Further, Lieutenant James Smith testified bullet-proof vests were seized from Appellant's apartment and Richardson properly testified officers within gangs may have bullet-proof vests. After reviewing the entire record, we find the improper admission of hearsay testimony that Appellant was an officer in the Bloods was harmless.

[Entry #22-1 at 4–6].

Respondent argues that this is a matter of state law that does not provide Petitioner habeas relief. The undersigned agrees. Issues of state law are generally not cognizable in habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Evidentiary rulings are generally considered state law matters. Spencer v. Murray, 5 F.3d 758, 763 (4th Cir. 1993) ("claim about the

admissibility of evidence under state law rarely is a claim upon which federal habeas corpus relief can be granted."). In federal habeas actions, "we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding." *Id. at* 762. Therefore, the court must decide whether the admission of the evidence itself so infected the entire trial that the resulting conviction violated due process. *Estelle*, 502 U.S. at 72. The undersigned can find no such violation in the record of this case.

Petitioner argues that the admission of the gang affiliation evidence was highly prejudicial, without significant probative value, and had a substantial and injurious effect or influence on the jury's verdict. [Entry #32 at 22–28]. The South Carolina Supreme Court found that Investigator Richardson's testimony that Petitioner was a Blood gang member was harmless and cumulative to other evidence. The undersigned agrees. The police seized a significant amount of gang paraphernalia from Petitioner's apartment, including photographs of people "throwing up" Blood hand signs and wearing Blood colors, a book of Blood "codes," a significant amount of red clothing, bullet-proof vests, and a "pledge of allegiance" to the United Blood Nation. State's Exhibit 60 was Mr. Brooks' sworn statement, made with the benefit of counsel, that he told police that Petitioner was a Blood, and that was the reason why the victim, whom several witnesses testified was a Crip, would have confronted Petitioner. [Entry #22-7 at 111–113]. Petitioner himself testified that he shot the victim after having left the club to retrieve a

pistol from his car, and other witnesses testified that Petitioner, earlier in the evening, had threatened the victim verbally and by making shooting motions.

The court cannot find that "there is a reasonable probability the jury's verdict was influenced by the wrongly admitted or excluded evidence." *Conners v. City of Forest Acres*, 611 S.E.2d 905, 908 (S.C. 2005). As such, admission of the testimony by Investigator Richardson of Petitioner's alleged gang affiliation and leadership cannot be deemed to have been highly prejudicial or be deemed to have had a substantial and injurious effect or influence on the jury's verdict. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this ground and it is recommended that it be dismissed.

          b.     Ground Two:  Ineffective Assistance of Counsel for Failing to Object to Gang Testimony

In Ground Two, Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to object to Investigator Richardson's expert testimony.  Petitioner raised this issue at PCR. [Entry #22-15 at 15–16 (PCR application), 33–34 and 40–42 (amended PCR application), 62 (PCR testimony)].  The PCR judge denied relief, but Respondent argues that because the PCR court did not specifically address this claim within its order, other than in summary, that it is procedurally barred from federal habeas review.  The undersigned disagrees and finds that the PCR sufficiently addressed Petitioner's claim of ineffective assistance of counsel

23

regarding the failure to object to Investigator Richardson's expert testimony, as the PCR court discussed in detail the failure to call as witnesses the unnamed informants Investigator Richardson mentioned. However, even a merits review of Ground Two does not afford Petitioner habeas relief.

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived the him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' ... [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131

24

S.Ct. at 788 (*quoting Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

Petitioner cannot satisfy the *Strickland* test. The South Carolina Supreme Court found that the admission of the same gang-affiliation testimony was harmless error, and as the undersigned addressed in Ground One above, that decision cannot be said to have been unreasonable. Further, Petitioner has failed to demonstrate that had his counsel objected to Investigator Richardson's testimony on due process grounds, that there is a reasonable probability that the result of the proceedings would have been different.

At PCR, trial counsel testified that he did not want to call the informants that the gang expert relied on; rather he wanted to take advantage of arguing their absence. [Entry #22-15 at 69–70 (PCR testimony), 80–81 (PCR order)]. Because Petitioner failed to have

the informants testify at the PCR evidentiary hearing, any discussion regarding what they would have testified about at trial is purely speculative. Further, prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at PCR. *Underwood v. State*, 425 S.E.2d 20 (S.C. 1992); *Bassette v. Thompson*, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991); *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998) (the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness's failure to testify at trial.").

The undersigned finds that the state court's dismissal of Petitioner's claim of ineffective assistance of counsel was not an unreasonable application of federal law because Petitioner failed to show that his trial was "so unfair that his conviction was a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Harrington*, 131 S.Ct. at 785 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). Further, Petitioner has failed to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d) & (e)(1). Thus, Petitioner is not entitled to habeas relief on Ground Two, and it should be dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned denies the motion to stay [Entry #2] as moot and recommends Respondent's motion for summary judgment [Entry #21] be granted and Petitioner's motions for evidentiary hearings [Entry #3, #33] be denied.

IT IS SO RECOMMENDED.

January 26, 2012                                   Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).