# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Jeroid J. Price, | ) | |
| | ) | Civil Action No.: 1:11-cv-01172-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wayne McCabe, Warden, | ) | |
| | ) | |
| Respondent.. | ) | |
| | ) | |

This matter is before this Court for a review of the Magistrate Judge's Report and Recommendation ("Report"), [Doc. 38], filed on January 26, 2012, recommending that Respondent's Motion for Summary Judgment [Doc. 21] be granted and Petitioner's motions for evidentiary hearings [Docs. 3 and 33] be denied. On May 18, 2011, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1]. The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The parties were notified of their right to file objections [Doc. 38 at 28]. Plaintiff timely filed objections to the Report. [Doc. 50]. In conducting its review, the court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. [Doc. 38]. For the reasons set out in the Report, the Respondent's Motion for Summary Judgment [Doc. 21] is therefore **GRANTED** and Petitioner's motions for evidentiary hearings [Doc. 3 and 33] are **DENIED.**

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
March 21, 2012